**UNITED STATES of America,
Appellee,**

v.

**Kevin ADDERLEY, also Known as
KK, and Jermaine Adderley, also
Known as Main, Defendants,**

**Vernon Adderley, Defendant–Appellant.**

**Docket No. 01–1589.**

United States Court of Appeals,
Second Circuit.

Nov. 21, 2002.

Thomas H. Nooter, Freeman Nooter & Ginsberg, New York, NY, for Appellant.

Roberto Finzi, Assistant United States Attorney for the Southern District of New York (James B. Comey, United States Attorney for the Southern District of New York, Steven R. Glaser and Christine H. Chung, Assistant United States Attorneys for the Southern District of New York, on the brief), New York, NY, for Appellees.

Present KEARSE, McLAUGHLIN and SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this appeal from a judgment of the United States District Court for the Southern District of New York (Deborah Batts, Judge), it is hereby ORDERED, ADJUDGED AND DECREED that the judgment of the district court is AFFIRMED.

Defendant Vernon Adderley appeals from a judgment of conviction by the United States District Court for the Southern District of New York (Deborah Batts, J.). On July 16, 2001, Adderley was convicted by a jury on all three counts of an indictment charging him with: (1) conspiracy to possess with the intent to distribute fifty grams and more of cocaine base in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A); (2) conspiracy to engage in the business of dealing firearms and to transport firearms in interstate commerce in violation of 18 U.S.C. § 371; and (3) using and carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c).

Adderley claims that the district court "showed a generalized prejudice" against him in a series of evidentiary rulings, the cumulative effect of which denied him a fair trial. Trial judges retain wide latitude in evidentiary decisions. *Delaware v. Van Arsdall,* 475 U.S. 673, 679, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986); *see also United States v. Salameh,* 152 F.3d 88, 131 (2d Cir.1998) (a district court may cut off cross examination that is repetitive or irrelevant). Having reviewed the record in this case, we find no abuse of discretion or error sufficient, either individually or cumulatively, to deny Adderley a fair trial.

Adderley next argues that the trial court erred in admitting the plea allocutions of his co-defendant brothers because the court did not have the co-defendants personally assert their Fifth Amendment privilege before the court, the allocutions were more prejudicial than probative, and the court should have instructed the jury as to the appropriate use of such testimony contemporaneously with its admission. Again, upon review of the record we find

no abuse of discretion or legal error in the district court's decision to admit redacted versions of the plea allocutions and to provide a limiting instruction in jury instructions only. In addition, an attorney may inform the court of his client's intent to invoke the Fifth Amendment. *United States v. Williams,* 927 F.2d 95, 99 (2d Cir.1991). Adderley's contention that *Williams* suggests a different and "preferred practice" simply misreads *Williams. Id.* at 99. The district court acted well within its discretion.

Adderley's final challenge to his conviction is that there was insufficient evidence to support his conviction of use of a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c). Adderley argues that because he did not handle the gun himself, he did not use the gun as required under § 924(c). The Supreme Court's ruling in *Bailey v. United States,* 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), forecloses this argument. *See id.* at 146, 147–148, 116 S.Ct. 501 (stating that a defendant uses a firearm within the meaning of the statute when he "barters [for drugs] with a firearm without handling it.").

As we find none of Adderley's claims have merit, the judgment of the district court is hereby AFFIRMED.